**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| REGINAL LEE DAVIS,<br><br>Plaintiff,<br><br>v.<br><br>KAMALA HARRIS, *et al.*,<br><br>Defendants. | Civil Action No. 24-08921 (GC) (TJB)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

Plaintiff Reginal Lee Davis is incarcerated at Burlington County Jail. Plaintiff is proceeding pro se with a civil complaint. To date, Plaintiff has neither paid the filing fee nor has he applied to proceed *in forma pauperis*. The Court will administratively terminate this action and provide Plaintiff with 30 days to submit a complete IFP application or pay the $405.00 filing fee.

The Prison Litigation Reform Act of 1995 (the PLRA), which amended 28 U.S.C. § 1915, requires a prisoner seeking IFP status to include an affidavit, including a statement of all assets, which states that the prisoner is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). The PLRA also requires the prisoner to submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. *See id.* § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined during the six-month period. *See id.*

After a prisoner is granted *in forma pauperis* status, he must pay the full amount of the filing fee in installments. *See id.* § 1915(b)(1), (b)(2). Moreover, even if the prisoner pays the required fees and the Court accepts the complaint for filing, the Court must dismiss the case if it

finds that the action is (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B); *see also id.* § 1915A(b). If the plaintiff has brought a federal action or appeal that was dismissed on the grounds listed above on three or more prior occasions, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. *See id.* § 1915(g).

Here, Plaintiff has not submitted an IFP application or paid the $405.00 filing fee. The Court will therefore administratively terminate this action without directing the Clerk of Court to file the complaint or assess a fee. If Plaintiff wishes to reopen this action, he must submit a complete IFP application *or* pay the $405.00 filing fee within 30 days.

**IT IS**, therefore, on this 11th day of October 2024, **ORDERED** as follows:

1.  The Clerk shall **ADMINISTRATIVELY TERMINATE** this matter without filing the complaint or assessing a fee; Plaintiff is advised that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013).

2.  Plaintiff may reopen this case by submitting a complete IFP application *or* pay the $405.00 filing fee within 30 days. Plaintiff shall address his submission to the Clerk of the Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608.

3.  The Clerk shall serve copies of this Order and a blank application to proceed *in forma pauperis* by a prisoner in a civil rights case upon Plaintiff by regular U.S. mail.

*[signature: Georgette Castner]*
GEORGETTE CASTNER
United States District Judge